## WAGGONER *v.* THE STATE.

[No. 19,169. Filed October 12, 1900.]

HOMICIDE.—*Indictment.*—*Where Death was Caused in Manner Unknown to Grand Jury.*—Where the evidence before the grand jury points to the commission of a murder by the accused, but from such evidence they are in doubt as to the cause of death, a count may be framed alleging that the death was caused in some manner to them unknown. *pp. 342, 343.*

SAME.—*Indictment.*—*Allegation of Assault.*—In an indictment for murder, it is not necessary to charge, in formal and express terms, an assault or an assault and battery. *p. 344.*

From the Owen Circuit Court. *Affirmed.*

*J. R. East, R. H. East* and *E. S. Davis,* for appellant.

*W. L. Taylor,* Attorney-General, *H. L. McGinnis, C. D. Hunt, Merrill Moores* and *C. C. Hadley,* for State.

MONKS, J.—Appellant was by a jury found guilty of murder in the first degree, as charged in the second count of the indictment, and his punishment assessed at imprisonment in the State prison for life. The assignment of errors calls in question the sufficiency of the second count of the indictment. Said count, omitting surplusage, date, venue, and formal parts, charges that "William Waggoner * * * did * * * feloniously, purposely, and with premeditated malice kill and murder one Clara Waggoner * * * by means and ways unknown to this grand jury * * * and by reason of the use of said unknown means and ways the said Clara Waggoner then and there died."

The statutes of this State provide that an indictment is sufficient if the offense charged is set forth in plain and concise language without unnecessary repetition, and with such a degree of certainty that the court may pronounce judgment, upon a conviction, according to the right of the case (Cl. 4, 5, §1824 Burns 1894, §1755 R. S. 1881 and Horner 1897); but that no indictment shall be deemed invalid or quashed for certain defects named, or "for any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits." §1825 Burns 1894, §1756 R. S. 1881 and Horner 1897.

Under these provisions, it is the duty of a grand jury in framing an indictment to state their charge with reasonable certainty. The indictment, however, is only the charge of the grand jury; and if the evidence before them points to the commission of a murder by the accused in two or more modes, but leaves it doubtful in which, it is proper to present different counts, stating the cause of death in different ways, so as to meet the facts as they may appear at the trial; and if, from the evidence before them, they are in doubt as to the cause of death, a count may be framed alleging that the death was caused in some manner to them unknown. *Commonwealth* v. *Webster,* 5 Cush. 295, 52 Am.

Dec. 711; *Commonwealth* v. *Coy,* 157 Mass. 200, 215, 32 N. E. 4, and cases cited; *Cox* v. *People,* 80 N. Y. 500, 516, and cases cited; *People* v. *Cronin,* 34 Cal. 191, 200, 210; *Edmonds* v. *State,* 34 Ark. 720.

As was said in Bishop's New Crim. Proc. §§495, 553: "Undoubtedly a grand jury should not indict a man unless reasonably informed of his guilt. But the jurors may know it sufficiently, while ignorant of an identifying circumstance, such as ordinarily ought to appear in allegation. Then they may state the main facts, adding that this circumstance is unknown to them, and the indictment will be good. Thus if they are ignorant of an identifying name, the allegation may be in this form. And other circumstances of the offense, if unknown to the grand jury, may be dealt with in the same way; that is, the indictment, instead of saying what they are, may state that they are to them unknown. In homicide the indictment may charge that it was committed 'in some way and manner, and by some means, instruments, and weapons to the jurors unknown' if in fact the grand jury are unable on investigation to be more specific."

Said second count is in the usual form of indictments for murder in the first degree in this State, except that the means used in taking the life of the deceased are not stated. *Lane* v. *State,* 151 Ind. 511; *Dennis* v. *State,* 103 Ind. 142, 144, 145, and cases cited.

In *Commonwealth* v. *Webster,* 5 Cush. 295, 52 Am. Dec. 712, a count of the indictment charged that "Webster * * * in and upon the said George Parkham, feloniously, wilfully, and of his malice aforethought, did make an assault; and him, the said George Parkman, in some way and manner, and by some means, instruments, and weapons to the jurors unknown, did then and there feloniously, wilfully, and of malice aforethought, deprive of life, so that," etc. The same was held sufficient.

In *Edmonds* v. *State,* 34 Ark. 720, 722, the second count

charged that "Thomas Edmonds * * * wilfully, deliberately, feloniously of his own malice aforethought, and with premeditation, did kill and murder a certain woman, whose Christian name was Julia, but whose surname is to the jurors unknown, then and there being, in some way and manner, and by some means, instruments and weapons to the jurors unknown," etc. It was held that the same was good.

It is true that said second count in this case does not use the words "make an assault", as in the count held good in the Webster case, but it has been uniformly held in this State that it is not necessary in an indictment for murder to charge, in formal and express terms, an assault or an assault and battery. *Dennis* v. *State,* 103 Ind. 142, 145, and cases cited. In all essential features the second count in this case is substantially the same as that in the Webster case and in the first count in the Edmonds case, which were held sufficient.

It is insisted that the indictment does not charge appellant with using said "unknown means and ways", or that he was in any way connected with her death. The indictment, in plain and direct terms, charges that appellant "did kill and murder Clara Waggoner by means and ways unknown, and that, by reason of the use of said unknown means and ways, said Clara Waggoner then and there died." If appellant, feloniously, purposely, and with premeditated malice, killed and murdered the deceased by said unknown means, as charged, he certainly used said means to kill her.

Appellant cites *Shepherd* v. *State,* 54 Ind. 25, but in that case the pleader attempted to allege the way the deceased was killed, but failed to do so. The sufficiency of such an indictment is governed by rules not applicable in this case; and that case is therefore not in point here. *Littell* v. *State,* 133 Ind. 577 is also cited by appellant, but the part of that case relied upon was disapproved in *Green* v. *State,* 154 Ind. 655. It follows that there is no defect or imperfection

in said second count which tends to prejudice the substantial rights of appellant upon the merits of the case. §1825 Burns 1894, §1756 R. S. 1881 and Horner 1897. The court did not err, therefore, in overruling the motion to quash. Judgment affirmed.