STATE OF INDIANA *v.* BINGMAN ET AL.

[No. 26,020.   Filed May 3, 1934.]

*James M. Ogden,* Attorney-General, *Merl M. Wall,* Deputy Attorney-General, and *Daniel S. Perry,* Prosecuting Attorney, for the State.

*Joseph Tillett* and *Arthur Metzler,* for appellees.

HUGHES, J.—This was a criminal prosecution by amended affidavit against the appellee, David York, and others, in the Fulton Circuit Court charging them with a conspiracy to commit a felony (arson). The affidavit was on information and belief. Defendant York filed a motion to quash the affidavit which motion was overruled. He was tried by a jury and found guilty. He then filed a motion in arrest of judgment. The court sustained the motion in arrest of judgment and the State appealed from this ruling.

The State of Indiana, as appellant, has assigned as error—the court erred in sustaining defendant's motion in arrest of judgment.

The question presented in this appeal, and the only one discussed by both the appellant and appellee, is whether or not under the criminal code of 1905, an affidavit charging a crime is valid when made upon information and belief.

The affidavit is as follows: "William E. Hinder swears

he is informed and believes that Charles Bingman, David York and Donald Murphy, on or about the 1st day of March, 1929, at and in the county of Miami, State of Indiana, did then and there unlawfully, knowingly and feloniously unite, combine, conspire, confederate and agree to and with each other, for the object and purpose and with the unlawful and felonious intent then and there unlawfully, feloniously, wilfully and maliciously to set fire to and burn a certain dwelling house then and there situate, to wit: A one story frame house, located and situated on the following described real estate and premises, to wit: (Description of real estate omitted), then and there being of the value of $800 and then and there being the property of another person to wit: Burr York, contrary to the form of the Statutes in such case made and provided against the peace and dignity of the State of Indiana."

This case was briefed by the appellant and appellee on the theory that the question involved had never been decided since the criminal code of 1905 went into effect. It is true that at the time the briefs were prepared this court had said nothing about the question involved other than the language used in the case of *Rose* v. *State* (1908), 171 Ind. 662, 87 N. E. 103. In that case the court said: "It has uniformly been held by this Court that even an affidavit charging one with a crime need not show that the statements contained in it are made upon the affiant's knowledge but it is sufficient if made upon information and belief." Citing *Franklin* v. *State* (1882), 85 Ind. 99; *State* v. *Buxton* (1869), 31 Ind. 67; *Toops* v. *State* (1883), 92 Ind. 13. The case of *Rose* v. *State, supra,* was decided three years after the criminal code of 1905 went into effect and we must presume the Court had knowledge of said code and the terms thereof when it used the foregoing language.

In a very recent case, however, this court considered

the identical question presented in the instant case. We refer to the case of *Stillson* v. *State* (1933), 204 Ind. 379, 184 N. E. 260. In this case the identical words were used as in the instant case. The affidavit, so much as relevant here, is as follows: "Watt Smith swears he is informed and believes . . ." The appellant contended in the above case that an affidavit on information and belief is not sufficient to charge one with a crime under the law of the State of Indiana; that the affidavit was merely a statement by the affiant of what information and belief he had. In disposing of this question the Court said: "This Court has held that an affidavit charging crime need not show that the statements contained in it are made upon affiant's knowledge, but it is sufficient if made upon information and belief" and citing *Toops* v. *State, supra,* and *Franklin* v. *State, supra.* The Court quotes with approval the following from the case of the *State* v. *Buxton* (1869), 31 Ind. 67: "It frequently occurs that the perpetrator of crime is convicted on the testimony of a number of witnesses swearing to different parts of the transaction constituting the body of the offense. No person could swear on personal knowledge that the accused was guilty and yet any one of the numerous witnesses might with a clear conscience have made the affidavit for the arrest." And the court further quotes with approval the following language found in the case of *Curry* v. *Baker* (1869), 31 Ind. 151: "No statement can go beyond the belief of the party making it. That belief may arise from personal observation, from sight or from sound, from information derived from others, or as the result of a legal conclusion from other known facts. But we know that sight or sound may deceive as information derived from other persons may mislead. They can, at most, when united, produce but one result, conviction of the mind, or in other words belief. When, therefore one states his belief in the truth

of a statement, the assertion is as strong as language can make it."

The court, in the Stillson case, *supra,* further said: "There would seem to be no reason for requiring the affidavit to be made in more positive terms than that the affiant 'swears he is informed and believes.' If a charge of perjury is brought against one making an affidavit wherein the affiant swears to certain stated facts, a good defense to the charge would be that the affiant had probable cause to believe, and did believe, that the facts were true."

In the case of *The State* v. *Ellison* (1860), 14 Ind. 380, the court said: "It is there stated that the information was quashed, because the affidavit on which it was predicated charged the defendant with the commission of the offense, not absolutely, but only as the affiant verily believed. Such is the character of the affidavit; but that seems to us to be sufficient. Such is the statutory form of an affidavit for proceedings in criminal cases before a justice of the peace. 2 R. S., p. 502. We see no substantial reason for any greater degree of strictness in this respect in proceedings in the Common Pleas. In *Simpkins* v. *Malatt,* 9 Ind. 543, the court held that an affidavit sworn to upon the belief of the party making it, was equivalent to one sworn to in absolute and direct terms. The court says, quoting from *Roscoe,* 'Belief is to be considered an absolute term; hence to swear that he believes a thing to be true, is equivalent to swearing that it is true.' "

We are of the opinion that under the Criminal Code of 1905, an affidavit such as in the instant case, may be made on information and belief and it was therefore error for the lower court to sustain the motion in arrest judgment.

Appeal sustained.