STATE EX REL. ETCHISON *v*. OFFUTT, JUDGE

[No. 28,964. Filed October 20, 1952.]

*Bachelder & Fife,* of Indianapolis, for petitioner.

*J. Emmett McManamon,* Attorney General; *John R. O'Connor,* Deputy Attorney General; *Melville Watson,* Prosecuting Attorney, Hancock County, for respondent.

DRAPER, J.—On the 29th day of January, 1952, pursuant to the provisions of Acts 1949, ch. 157, §1921, being Burns' 1949 Replacement, §35-3122, the State Board of Health placed an embargo against 11,000 cases of canned tomatoes and 7,000 cases of canned tomato juice, the property of the relator. On February 4, 1952, the embargo was lifted as hereinafter mentioned.

On March 13, 1952, the property was again embargoed by the Board, and on the 17th day of March, 1952, a libel for condemnation of the property was filed in the Hancock Circuit Court. It alleged, among other things, that the canned product was infested with flies, fly eggs

and larvae; contained large numbers of decomposed and partly decomposed tomatoes and was otherwise contaminated and adulterated. The sheriff was ordered to and did seize said property.

On March 28, 1952, the relator appeared specially in the court below and filed his motion to set aside the order of seizure on the ground that the only affidavit in support of the seizure of the goods was made on information and belief, and did not set out any facts known to affiant showing probable cause or knowledge of actual facts upon which affiant could base probable cause. He also, under special appearance, filed answer in "abatement" whereby he sought to challenge the jurisdiction of the court to proceed in the matter for the reason that the libel for condemnation had not been brought within 5 days, as required by §1922 of the Act, being Burns' 1949 Replacement, §35-3123.

The motion to set aside the seizure was overruled. The allegations of the "plea in abatement" were denied, evidence heard, and the plea was also overruled. Thereupon, on petition of the relator filed in this court, we issued our writ prohibiting the Hancock Circuit Court from proceeding further with said cause pending the further order of this court.

It is the relator's theory that, since the proceedings below are special statutory proceedings, the trial court may not proceed therein unless the party who seeks to invoke the jurisdiction of the court has brought himself strictly within the spirit as well as the letter of the law. See *State* v. *Ewing* (1952), 231 Ind. 1, 106 N. E. 2d 441, and the many authorities therein cited.

By its express terms, ch. 157 of the Acts of 1949 is designed to promote uniformity with the Federal Food, Drug and Cosmetic Act, 21 USCA, §301 et seq., for the purpose of safeguarding the public health and promot-

ing the public welfare. It is intended to complement the Federal Act by reaching articles moving in intrastate, as distinguished from interstate commerce.

The petition in the proceedings below invokes none of the penal provisions of the statute. It does not involve the prosecution of anyone for any criminal offense. The proceeding is against the property itself. It is a statutory proceeding in rem to forfeit and condemn adulterated food. The proceeding is, therefore, one of a civil nature and not criminal. *Colusa Remedy Co.* v. *United States* (1949), 176 F. 2d 554; *Dobbins* v. *United States* (1877), 96 U. S. 395, 24 L. Ed. 637; *United States* v. *935 cases more or less, etc.* (1943), 136 F. 2d 523; 37 C. J. S., Forfeitures, §5(e).

It is provided in §1931 of the Act that no judgment in such condemnation proceeding shall be admissible as evidence in any other legal proceeding, and §1933 provides that the procedure and practice in these cases shall conform as nearly as possible to the procedure and practice in civil actions where not otherwise provided in the statute.

The statute requires the libel to be "verified by a duly authorized agent of the state board." The one before us is verified on information and belief. The statute does not in terms require it to be verified in any other manner. A verification on information and belief has been held to be sufficient in statutory proceedings and in civil actions; *Curry* v. *Baker, Governor* (1869), 31 Ind. 151; *Bonsell* v. *Bonsell* (1872), 41 Ind. 476; *McNamara* v. *Ellis* (1860), 14 Ind. 516; *Champ et al.* v. *Kendrick, Trustee* (1892), 130 Ind. 549, 30 N. E. 787; *Workman* v. *Workman* (1943), 113 Ind. App. 245, 46 N. E. 2d 718; and affidavits charging criminal offenses may properly be so made. *Stillson* v. *State*

(1933), 204 Ind. 379, 184 N. E. 260; *State* v. *Bingman* (1934), 206 Ind. 486, 190 N. E. 176.

The rule of strict construction has little or no application to legislation designed to prevent injury to the public health. *United States* v. *Research Laboratories* (1942), 126 F. 2d 42; *A. O. Andersen & Co.* v. *United States* (1922), 284 F. 542; *United States* v. *48 Dozen Packages, etc.* (1938), 94 F. 2d 641. Even in criminal cases, such interpretation should be given to legislation of this kind, within sound canons of construction, as will effectuate the manifest intent and purpose of the lawmakers, and secure to the people the benefits and protection intended by the General Assembly. *Groff* v. *State* (1909), 171 Ind. 547, 85 N. E. 769. We think the verification was sufficient.

As above stated, the goods were first embargoed on January 29, 1952. It is asserted by the respondent, and not denied by the relator, that the embargo notices of January 29 were removed because the Federal Court had acquired jurisdiction over the same goods in a food and drug case; that the Federal Court decided the goods were adulterated and forbade their shipment in interstate commerce; and thereafter the goods were again embargoed by state authorities on March 13, 1952. The relator contends that the failure of the state board to institute the petition for libel against the goods within 5 days after January 29 deprived it of the right to again embargo the goods and proceed with a libel action against them. No authorities are cited either for or against the position taken by the relator, and we have found none.

As above stated, if it is reasonably possible so to do, this legislation should be so interpreted as to secure to the people the benefits intended by the General Assembly. The desirability of keeping adulterated and con-

taminated canned food from moving in intrastate commerce requires no elaboration. The statute does not in terms provide that only one embargo notice may ever be placed upon the same goods, or that the libel must be brought within 5 days after the first embargo notice. It is conceded by the respondent that after the first embargo notice was lifted, and before the second was posted, the relator could have moved the goods in intrastate commerce without fear of reprisals. However, he could not, or did not choose to do so.

It is not asserted, nor does it appear that the action taken by the State Board was arbitrary or capricious or in any way intended to harass or persecute the relator or to work any undue hardship or injustice upon him. The action of the State Board was obviously in good faith.

It seems to us that the intent of the Act is that the petition for libel for condemnation of food must be filed within 5 days after the detention or embargo pursuant to which it is brought. The Board must act diligently and in good faith. After one detention or embargo of the goods, the Board may not, for no other reason than that the time has expired for the filing of a libel for condemnation, again detain or embargo the goods for the purpose of extending or renewing the time for filing of the libel. But where the conduct of the Board and its agents is justified by circumstances beyond their control, or by facts and circumstances newly occurring or newly discovered which reasonably justify them in so proceeding, we think reason and justice require and authorize them to again embargo the goods and proceed thereafter in accord with the statute.

The temporary writ heretofore issued is dissolved.

NOTE.—Reported in 108 N. E. 2d 188.