BROOKS *v.* STATE OF INDIANA.

[No. 29,136.  Filed June 15, 1954.]

*Lorin H. Kiely,* of Evansville, for appellant.

*Edwin K. Steers,* Attorney General, and *Owen S. Boling* and *Thomas M. Crowdus,* Deputy Attorneys General, for appellee.

FLANAGAN, C. J.—Appellant was convicted of assault and battery with intent to commit murder.

He alleges as error:

1.  That the affidavit, not being made by the prosecuting attorney, or the complaining witness, or injured party, should allege the "facts upon which he believed and based" the charges. The affidavit contained the words "as affiant verily believes."

2. That the approval of the affidavit shows approval by "Paul B. Wever, Pros. Atty.," but does not show his entire title, "for the First Judicial Circuit of Indiana."

3. That the affidavit fails to charge that the injured party was "another human being."

We shall answer these contentions as they are above presented.

1. An affidavit made upon information and belief is sufficient. *State* v. *Bingman* (1934), 206 Ind. 486, 190 N. E. 176. The recital "as affiant verily believes" is equivalent to "upon information and belief."

2. The statute provides that:

"When such affidavit has been made, as provided in the last section, the prosecuting attorney shall approve the same by indorsement, using the words 'approved by me' and sign the same as such prosecuting attorney." Burns' 1942 Replacement, §9-909.

In this case the prosecuting attorney followed the statute. That was sufficient. Judicial notice will be taken of his particular judicial circuit.

3. This precise question was presented in the case of *Porter* v. *State* (1910), 173 Ind. 694, 91 N. E. 340, and decided by this court adversely to appellant's contention.

Judgment affirmed.

Bobbitt, Draper, Emmert, and Gilkison, JJ., concur.

NOTE.—Reported in 120 N. E. 2d 182.