ALAN JENKINS, JR. *v.* STATE OF INDIANA.

[No. 275S49. Filed October 8, 1975.]

*John G. Bunner,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *Walter F. Lockhart,* Deputy Attorney General, for appellee.

ARTERBURN, J.—The Appellant, Alan Jenkins, Jr., was convicted on August 14, 1974, for the first degree murder of one Mark Collins. From the overruling of his subsequent Motion to Correct Errors, the Appellant now presents this appeal.

The killing in this case occurred on August 29, 1973. Testimony revealed that the deceased, Mark Collins, and one Kenneth King were on the porch of a house at 901 Line Street, Evansville, Indiana. The deceased had left on a bicycle to get some watermelon when the Appellant called King down from the house porch. At the side of the house the Appellant then shot King with a .22 caliber rifle. The Appellant ran to the

rear of the house. Additional shots were heard. The deceased was later found tangled in his bicycle, shot in the head.

The evidence shows that the Appellant, Jenkins, had been involved in a "play or attempted" drugstore robbery with the brother of his girlfriend. The latter was picked up and detained by police and the Appellant apparently blamed Collins and King for this detention.

Presented in Appellant's statement of issues are nine separate allegations of error. These can be grouped analytically into four categories for the purposes of this opinion.

## I.

Three of Appellant's allegations of error involve the admission into evidence of proof of other crimes. These concern the assault and battery with intent to kill against King and the alleged attempted robbery of the drugstore by the Appellant.

As a general rule, evidence of separate, independent and distinct crimes is inadmissible to establish a defendant's guilt of the crime charged. However, evidence which is otherwise competent or relevant and which tends to show the defendant's guilt of the crime charged is not excluded merely because it proves or tends to prove him guilty of another crime, especially where the crimes are connected. *Grimes* v. *State*, (1972) 258 Ind. 257, 280 N.E.2d 575. Indiana specifically recognizes exceptions where the evidence is to show intent, motive, purpose, identification, or a common scheme or plan. *Vandeveer* v. *State*, (1971) 256 Ind. 509, 269 N.E.2d 865.

In this case the State offered the objected to evidence of other crimes in order to establish the motive of the defendant. The testimony of Jewell Small established that the defendant had blamed Collins and King for the detention by police of Jewell Small's brother. This detention had stemmed from the "play or attempted" drugstore robbery. The testimony of

Joyce Butler and Kenneth King established that the assault and battery upon King was part of the same larger occurrence that resulted in Collins' death. The Appellant shot King at the side of a home at which they had been talking, ran around the rear of the house and then shot Collins. Again, the motive of some sort of resentment against both King and Collins is borne out.

The evidence of other crimes admitted into evidence in this case thus falls within a well-accepted exception permitting the admission of such evidence. Accordingly, we can find no error here.

## II.

Appellant also contends that it was error to admit into evidence State's Exhibit No. 16, which was a drawing or diagram of the scene of the crime depicting the location of several pieces of evidence. Appellant contends that this drawing was based in part upon hearsay and conjecture, thus depriving the Appellant of a fair trial and his right of confrontation.

Charts and diagrams may be received into evidence after laying a proper foundation, if the fact to be evidenced by the chart or diagram is itself otherwise relevant, material and competent. *Stallings* v. *State*, (1968) 250 Ind. 256, 235 N.E.2d 488. In the *Stallings* case this court cited with approval Dean Wigmore:

" '. . . (W)henever such a document (purporting to be a map, picture or diagram) is offered as proving a thing to be as therein represented, then it is offered testimonially, and it must be associated with a testifier.' 3 Wigmore, *Evidence* § 790 (3rd ed. 1940) ." *Stallings, supra,* 250 Ind. 256, 259, 235 N.E.2d 488, 490.

This association with a testifier makes a diagram or drawing susceptible to objections of hearsay. The drawing in this

case did indeed contain items not. known to the drawer by personal observation, but by what he had been told by others. Thus, the Appellant's objections of hearsay were well-grounded. However, testimony regarding these items was later admitted without objection. Reversal may not be predicated upon the erroneous admission of evidence when evidence having the same probative effect has been admitted without objection or without contradiction. *Boles* v. *State*, (1973) 259 Ind. 661, 291 N.E.2d 357. Admission of this hearsay testimony was thus harmless error.

### III.

Admitted into evidence at trial was a statement of the Appellant given to California police before the Appellant was returned to Indiana for trial. Appellant contends that because of promises made to him by police prior to tape recording of the statement, the confession was not voluntarily made. The trial judge in this case made a preliminary determination as to whether the confession was voluntarily given. His ruling was that the confession was voluntary.

This court will not ordinarily disturb a trial court's ruling as to the admissibility of a confession when that admissibility is based on conflicting evidence. *Rogers* v. *State*, (1974) 262 Ind. 315, 315 N.E.2d 707; *Cooper* v. *State*, (1974) 261 Ind. 659, 309 N.E.2d 807. The Appellant testified that promises were made to him by the Oakland, California police that California charges would be dropped in return for a statement. However, the Appellant also stated that he later pleaded guilty to two of these charges. Sargeant Moss of the Oakland police testified that he fully informed the Appellant of his constitutional rights and that the Appellant understood those rights. Moss testified that no threats had been made to the Appellant. He testified that the Appellant had not been physically harmed. He testified that no promises were made. The trial judge in this case had ample evidence to sustain his finding that the statement

was voluntary. *Rogers* v. *State, supra; Cooper* v. *State, supra.* We can thus find no merit in Appellant's contention here.

## IV.

Appellant's final contentions concern the admission into evidence of several photographic slides. State's Exhibits 12 and 13, photographs of the victim, were admitted into evidence over objection by the Appellant. The same was true for State's Exhibit 15, a photograph of a gun case allegedly left in some bushes by the Appellant. While Appellant lists the admission of these photographs as error, he does not include these in the argument portion of his brief. These alleged errors are thus waived. Ind. R. Ap. P. 8.3 (A) (7).

What is argued by Appellant concerns the repetitious showing of slides to the jury by "flipping through" slides to arrive at those desired for showing to various witnesses and by use of the slides in final argument.

This court has held that there is no reason preventing admissible slides from being viewed by a jury several times if, on each occasion, the slides are relevant to the witness' testimony. *Swope* v. *State,* (1975) 263 Ind. 148, 325 N.E.2d 193. Here, Appellant objects to the fact that slides other than those relevant to testimony were "flipped through" in order that relevant ones might be viewed. Upon objection by the Appellant, the trial judge instructed the State to remove several slides from the projector to prevent any prejudicial "flipping." Given this precaution by the trial court, we do not see that the Appellant was prejudiced.

Similarly, the Appellant has not shown that he was prejudiced by the showing of the slides in evidence during final argument. Exhibits in evidence may be shown to the jury by counsel during final argument. 88 C.J.S., *Trial* § 177 (1955). Control of final argument is within the discretion of the trial judge. Unless there is an abuse of this discretion clearly prejudicial to the rights of the

accused, the ruling of the trial court should not be disturbed. *Kallas* v. *State,* (1948) 227 Ind. 103, 83 N.E.2d 769, *cert. denied* 336 U.S. 940, 69 S.Ct. 744, 93 L.Ed. 1098 (1949). We can find no error in the trial court's conduct regarding this issue.

We affirm the judgment of the trial court.

All Justice concur.

NOTE.—Reported at 335 N.E.2d 215.