PAUL LEMONT *v*. STATE OF INDIANA.

[No. 1-575A95. Filed March 17, 1976. Rehearing denied April 29, 1976. Transfer denied January 27, 1977.]

*Woodrow S. Nasser* of Terre Haute for appellant.

*Theodore Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

ROBERTSON, C.J.—Defendant-appellant, Paul Lemont (Lemont), was convicted by a jury of enticing a female into an immoral place [IC 1971, 35-30-4-1 (Burns Code Ed.)] and now brings this appeal.

The facts most favorable to the State are as follows: Lemont, on the evening of December 13, 1973, encountered a seventeen year old girl named Barbara, at an Indianapolis bar where she was engaged as a go-go dancer. Barbara accepted an offer by Lemont of a job as a dancer at his tavern in Terre Haute.

Barbara accompanied Lemont and one Cecil Drake to Terre Haute and danced at the tavern that night. Between the time Barbara arrived at Terre Haute and the time she was taken into custody, Lemont asked her to act as a prostitute for him, observed her dancing nude in his tavern, and encouraged her to sexually abuse herself with a bottle as part of her act.

On December 16, 1973, Lemont's tavern was raided by the police. Barbara, who was dancing nude, was arrested.

At trial there was testimony that prostitution went on at the tavern.

Lemont now raises as error by the trial court its refusal to grant a continuance, its admission of Barbara's deposition into evidence in lieu of in-trial testimony by her, and its giving State's instruction #2 to the jury regarding an essential element of the statute. Further, it is alleged that Lemont was

denied due process of law and a fair trial by a suppression of evidence by the State.

Lemont also alleges error by the trial court in its denial on the day of the trial of a motion for continuance made in response to the granting of State's motion to amend charging information. The State presented its motion four days before trial and sought successfully to change the date of the offense from December 10, 1973, to December 139, 1973.

Citing IC 1971, 35-3.1-1-5(d) (Burns Code Ed.) herein presented:

"(d) Before amendment of any indictment or information other than amendment as provided in subsection (b) of this section, the court shall give all parties adequate notice of the intended amendment and an opportunity to be heard. Upon permitting such amendment, the court shall, upon motion by the defendant, order any adjournment or postponement of the proceedings which may, by reason of such amendment, be necessary to accord the defendant adequate opportunity to prepare his defense."

Lemont contends that the word "shall" in the second sentence makes it mandatory, upon defendant's motion, that the trial court order a continuance. It is our view, however, that the implementation of the word "shall" is contingent upon a determination that such continuation is "necessary". Further, it is our view that the integrity of the trial process demands that the trial judge, not a defendant, be the arbiter of what constitutes necessity. It is therefore incumbent upon a defendant to demonstrate to the satisfaction of the trial judge that a continuance is necessary, and we will only reverse the decision of the trial court upon a clear showing of abuse of discretion. *Merry* v. *State* (1975), 166 Ind. App. 199, 335 N.E.2d 249.

Since the date was not of the essence of the crime and since Lemont had not raised an alibi defense, we are unconvinced that the defense posture was materially affected or that there was error as to this issue.

Error is alleged in the trial court's admission into evidence, over defense objections, an oral deposition of Barbara. Although the deposition was taken by the defense, Lemont contends that because the State was derelict in complying with the court's discovery order, he was effectively denied his right to confront the witness against him. Also, he contends that the State led him to believe that Barbara would be available at trial. The State replied that Barbara escaped from the Indiana Girls School and that despite its diligent efforts, it was unable to secure her attendance by subpoena.

As we read IC 1971, 35-1-31-8 (Burns Code Ed.), as set forth in pertinent part below, regarding the use of depositions in criminal proceedings:

> "A defendant . . . may take the depositions of witnesses residing within or without the State, to be read on the trial; and the request of the defendant for such leave of the court or the giving by him of such notice to the prosecuting attorney, shall be deemed a waiver of his constitutional right to object to the taking of depositions of witnesses by the State relative to the same matter, to be read on the trial: . . . ."

and as we perceive the interpretation of the statute by our Supreme Court in *State ex rel. Land* v. *Knox Superior Court* (1968), 249 Ind. 471, 233 N.E.2d 233, in which it stated "The only right waived, that of confrontation of witnesses, is clearly set forth within the statute.", Lemont waived his right to confront Barbara at trial.

If we were to accept Lemont's argument that he could not effectively depose Barbara because he did not have the benefit of a list of the State's witnesses prior to the deposition, we would be distorting the meaning of the above statute. Carrying the argument to its ultimate conclusion, the waiver provision of the statute would not be operative as long as other information remained to be discovered. Since a deposition often leads to additional information, there might never be a time when a defendant could depose a witness with the benefit of all other information regarding the case. We have

then a picture of a dog chasing its tail. We reject the argument and find no error on this issue.

Lemont next contends that the trial court erred in instructing the jury that knowledge on the part of the defendant was not an essential or material element of the crime described in IC 1971, 35-30-4-1 (Burns Code Ed.), the text of which follows:

"35-30-4-1 [10-4210]. Enticing minors into immoral places. It shall be unlawful for any person eighteen [18] years of age or older, to cause, encourage or entice, any person, other than his or her spouse, under the age of eighteen [18] years, to enter or to accompany any such person into any house of prostitution, assignation, or tavern where intoxicating liquors are sold, or any other place for vicious or immoral purposes; and any person so offending shall be guilty of a felony and shall be tried for such offense in any court of competent jurisdiction, and upon conviction thereof shall be imprisoned in the state prison not less than two [2] years, and not more than fourteen [14] years; and the fact that such a person shall have entered with another person any house of prostitution, assignation, or tavern where intoxicating liquors are sold shall constitute prima facie evidence of criminal intent . . ."

We are convinced that *scienter* is not an implicit part of the statute. The statute is for the protection of minors (minor females at the time of appellant's offense), and the scope of that protection does not exclude minors whose physical appearance, conduct, or statements give them the semblance of having reached their majority.

The proscription of statutory rape is significantly analogous to the statute under consideration here. It was stated in *Heath* v. *State* (1909), 173 Ind. 296, 90 N.E. 310, regarding statutory rape:

"The girl's appearance and misrepresentation of her age and his good faith belief that she was above the age of consent could have no weight upon the question of guilt or innocence, although they might, under the old procedure, go in mitigation of the penalty. The law absolutely forbids carnal intercourse with a child under 14 years of age, and no belief respecting the age of the girl, however well

founded, will excuse the transgressor, if at the time of the sexual act she is in fact within the prohibited age."

We think the reasoning in that decision is applicable to the case at bar. There was no error in the trial court's instruction to the jury on this point.

The final allegation raised by Lemont is that he was denied due process of law and a fair trial by the suppression of evidence by the State. Supplementing his motion to correct errors, Lemont submitted his own affidavit which stated that after the conclusion of the trial he had a conversation with State's witness Nelson Norton who confided that he (Nelson) had approached the deputy prosecutor desiring to amend his previous testimony and that Nelson was told to disregard the inaccuracy and pursue the matter no further.

It is clear that the specific information in the affidavit (the conversation between Nelson and the deputy prosecutor) which Lemont sought to place before the court was not based upon personal knowledge of the affiant and was therefore hearsay. We subscribe to the rationale used in *Merry* v. *State, supra,* regarding hearsay affidavits. Such an affidavit is insufficient to support a motion to correct errors, notwithstanding Ind. Rules of Criminal Procedure, CR. 17, and the trial court did not err as to this issue.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 344 N.E.2d 88.