PAUL LEMONT v. STATE OF INDIANA.

[No. 177S36. Filed January 27, 1977.]

*Woodrow S. Nasser, Nasser, Felling & Tabor,* of Terre Haute, for appellant.

*Theodore L. Sendak,* Attorney General, *John R. O'Bryan,* Deputy Attorney General, for appellee.

## DISSENTING OPINION

HUNTER, J.—I dissent from the denial of transfer for the following reasons.

Petitioner Paul Lemont was found guilty by a jury of enticing a minor into an immoral place in violation of Ind. Code § 35-30-4-1 (Burns, 1975) and was ordered imprisoned for not less than two nor more than fourteen years. Following the denial of the motion to correct errors, Lemont perfected an appeal to the Court of Appeals.

Petitioner argues that both the trial court and the Court of Appeals erroneously interpreted Ind. Code § 35-30-4-1. See *Lemont* v. *State,* (1976) Ind. App., 344 N.E.2d 88. It is petitioner's position that this incorrect reading of the statute caused the trial court to misinstruct the jury that knowledge

was not an essential element of the crime charged. I agree with petitioner and would remand the cause to the trial court with instructions to grant petitioner a new trial with which I believe to be a correct interpretation of the statute in question.

The Court of Appeals ruled that the language of the statute did not require *scienter* as an essential element of enticing. The specific language of Ind. Code § 35-30-4-1 is as follows:

> *"Enticing minors into immoral places.*—It shall be unlawful for any person eighteen [18] years of age or older, to cause, encourage or entice, any person, other than his or her spouse, under the age of eighteen [18] years, to enter or to accompany any such person into any house of prostitution, assignation, or tavern where intoxicating liquors are sold, or any other place for vicious or immoral purposes; and any person so offending shall be guilty of a felony and shall be tried for such offense in any court of competition jurisdiction, and upon conviction thereof shall be imprisoned in the state prison not less than two [2] years, and not more than fourteen [14] years; *and the fact that such a person shall have entered with another person any house of prostitution, assignation, or tavern where intoxicating liquors are sold shall constitute prima facie evidence of criminal intent.*" [Emphasis added.]

The absence of such words as knowingly and intent from a statute is not conclusive upon the question of whether or not guilty knowledge is an essential element of such crime. That determination is a matter of statutory construction and must be made in view of legislative intent. *Gregory* v. *State*, (1973) 259 Ind. 652, 291 N.E.2d 67.

If the legislature had intended that the above statute be construed as a strict liability offense, then the underscored portion of the statute would be totally unnecessary. The occurrence of the act set out in the statute would be sufficient to convict absent criminal intent. However, the legislature limited the effect of those facts to merely establishing "prima facie evidence of criminal intent." One can only logically conclude that the legislature was indeed supplying specific criminal intent as an element of crime.

It is for the above reasons that I would grant transfer and award petitioner a new trial consistent with the interpretation I have given to Ind. Code § 35-30-4-1.

Arterburn, J., concurs.

NOTE.—Reported at 359 N.E.2d 251.