DAVID JAMES ROBERTS *v.* STATE OF INDIANA.

[No. 976S298. Filed May 5, 1978.]

*Tom G. Jones, Jones, Loveall & Coachys,* of Franklin, *Palmer K. Ward,* of Indianapolis, for appellant.

Theodore L. Sendak, Attorney General, Susan J. Davis, Deputy Attorney General, for appellee.

GIVAN, C.J.—Appellant was convicted of two counts of first degree murder, two counts of murder in the perpetration of burglary, one count of murder in the perpetration of arson and one count of arson. He was sentenced to a term of 5 to 20 years on the arson count and to five terms of life imprisonment for the felony murder and murder convictions.

In the early morning of January 20, 1974, police and fire officials were summoned to a charred house on Princeton drive in New Whiteland, where they found the dead bodies of a young married couple and their baby daughter. A five-gallon gasoline can and a nozzle were found in the house and there was a strong odor of gasoline about the premises. A struggle had occurred but there was no indication that there had been a forced entry. The parents died from asphyxia and were dead before the fire. The child died from carbon monoxide and smoke inhalation.

The evidence most favorable to the State indicates that the decedent, William Patrick, was a salesman in the Sears Automobile Service Center on North Alabama Street in Indianapolis. On October 10, 1973, appellant brought a car to Sears for tires and exhaust work. The work was performed but the car was taken from the lot without the bill being paid. Patrick later identified appellant as the purported owner of the car and the person who had purchased the tires. On January 15, 1974, Patrick was deposed by appellant's attorney and implicated appellant as the thief.

The appellant's car, a 1969 or 1970 gold Buick Riveria, was observed at a New Whiteland gas station owned by William Patrick's brother between 3:00 p.m. and 5:00 p.m. on January 19, 1974. The driver purchased a dollar's worth of gasoline and asked ·for directions to Princeton Drive. Around 5:30 p.m. or 6:00 p.m. that same day, appellant pulled into a gas station at the corner of 16th and Illinois

Streets in Indianapolis. He purchased gas for his car and also had a five gallon can filled. The can belonged to the station and was marked by an attendant with a yellow crayon. The can was found in the charred Patrick residence and was positively identified by two attendants as the can given to appellant. Two nearby residents testified they observed a large gold Buick on the street near the Patrick home late on January 19, and in the early morning hours of January 20. The car was gone at 4:30 a.m. when the fire sirens woke the residents.

Appellant filed a motion to dismiss the arson count on the ground that it was duplicitous and a lesser included offense under the count charging murder in the perpetration of arson. He claims it was reversible error for the trial court to refuse to dismiss the count. In *Candler* v. *State*, (1977) 266 Ind. 440, 363 N.E.2d 1233, we upheld the decision of the trial court in refusing to instruct the jury that robbery was a lesser included offense of murder in the commission of a robbery. A logical extension of the *Candler* doctrine is that the felony itself may be contained in the indictment where one of the charges is murder in the commission of that felony. We see no valid reason for applying the rule urged by appellant. We hold the trial court did not err in refusing to dismiss the arson count.

However, appellant is correct in his assertion that the trial court erred in sentencing him under both the felony murder and arson convictions. The *Candler* opinion vacated an armed robbery sentence on the ground that the conviction thereof merged with the conviction for felony murder. The same principle applies here.

Appellant also claims that four counts of the indictment should have been dismissed because they failed to state the crimes with sufficient certainty as to inform him of the specific offenses of which he was charged. These counts charged appellant with first degree murder and murder in the commission of robbery of William

Patrick and Elizabeth Patrick using "means and ways unknown to this grand jury." The precise language of the challenged indictment in this case was approved in *Waggoner* v. *State,* (1900) 155 Ind. 341, 58 N.E. 190 and *State* v. *Carrier,* (1956) 235 Ind. 456, 134 N.E.2d 688. We can perceive no substantial reason for deviating from this long-standing rule. The perpetrator of a crime oftentimes is able to cover his misdeed so that his specific means of committing it cannot be determined. In such a case we see nothing erroneous about charging a person with crimes committed using unknown methods. The trial court did not err in refusing to dismiss the charges for failing to state the crime with sufficient certainty.

Appellant further contends the indictments were insufficient as a matter of law because they failed to state he had killed a "human being." This Court has held that an indictment stating the name of the person upon whom the crime was perpetrated is sufficient to show that a human being has been injured or killed. *Brooks* v. *State,* (1954) 233 Ind. 391, 120 N.E.2d 182; *Porter* v. *State,* (1910) 173 Ind. 694, 91 N.E. 340.

Appellant next claims the trial court erred in imposing two sentences of life imprisonment for the murder and felony murder of William Patrick and two sentences of life imprisonment for the murder and felony murder of Elizabeth Patrick. Appellant is correct. *Franks* v. *State,* (1975) 262 Ind. 649, 323 N.E.2d 221. Therefore, two of the four life sentences must be vacated.

Appellant also complains of numerous errors in the admission of evidence at the trial. He objected variously on the grounds of the best evidence rule, hearsay, improper foundation, inaccurate photographs and prejudicial questions. However, he argues in his brief only the law on hearsay. Thus his other objections are deemed waived for failure to comply with AP. 8.3 (A) (7). *Williams* v. *State,* (1973) 260 Ind. 543, 297 N.E.2d 805.

Hearsay evidence is testimony by a witness in court relative to an extra judicial declaration by another which is offered to prove the truth of the facts asserted by the declarant. The value of the witness' statement rests on the credibility of the declarant who is not in court available for cross examination. *Jethroe* v. *State*, (1974) 262 Ind. 505, 319 N.E.2d 133; *Harvey* v. *State*, (1971) 256 Ind. 473, 269 N.E.2d 759. Appellant's first hearsay objection occurred when an employee of the New Whiteland gas station testified that a customer asked him for directions and where Princeton Drive was located. This testimony was not offered for the purpose of proving the facts asserted but only to show the questions were asked. As such, it was admissible. *Boles* v. *State*, (1973) 259 Ind. 661, 291 N.E.2d 357.

Appellant next claims that it was objectionable hearsay to allow a Sears employee to testify that he saw Patrick select one photograph from a group of photographs shown to him in the investigation of the tire theft. He also contends that a police officer should not have been permitted to testify that he found an automobile registration in appellant's car and observed the name of David James Roberts on the registration. Neither constitute objectionable hearsay. Both witnesses were testifying as to their observations which were firsthand and subject to cross examination. It is not inadmissible hearsay for a witness to testify regarding his personal observations. *United States* v. *Sells*, (7th Cir. 1974) 496 F.2d 912; *Grzesiowski* v. *State*, (1976) 168 Ind. App. 386, 343 N.E.2d 305. The trial court properly overruled appellant's objections to the questions.

Appellant also objected on hearsay grounds to the testimony of the police officer who investigated the tire theft at Sears. The officer stated that he had checked out the name and address of Robert Johnson, the name given by appellant to Sears when purchasing the tires. He further testified that he discovered that no one in the neighborhood had ever heard of such person. Under the holding of *Ballard* v. *State*, (1974)

262 Ind. 482, 318 N.E.2d 798, testimony of a police officer which merely relates to an investigation of alleged crimes and establishes only that the information was received within the officer's own knowledge is not objectionable hearsay. The trial court did not commit error in admitting such evidence.

Another alleged hearsay error is the admission of a sales ticket and guarantee card pertaining to the tire sale. The requirements for the admission of business records as exceptions to the hearsay rule were set forth in *Herman* v. *State,* (1965) 247 Ind. 7, 210 N.E.2d 249. The requirements set forth in that case were met in the case at bar. The trial judge did not err in admitting those documents in evidence.

Appellant next claims the trial court erred in permitting the Sears service station manager to testify that someone had told him the tires had been stolen and that his report to the investigating officers arose from information given to him by William Patrick. This evidence appellant says is inadmissible hearsay. However, the State correctly points out that the same witness earlier had testified that the tires were taken from Sears on the day in question and thereafter one of the officers testified similarly. In *Jenkins* v. *State,* (1975) 263 Ind. 589, 335 N.E.2d 215, this Court held that reversal may not be predicated upon allegedly erroneous admission of evidence when evidence having the same probative effect is admitted without objection. The trial court committed no error in the admission of this evidence.

Appellant also claims the trial court erred in permitting the investigator from General Motors to testify that his assistance in locating the car used in the tire larceny was requested by the investigating police officer. Prior to that testimony the police officer himself had testified, without objection, to the same fact. The trial court did not err in permitting this evidence.

Appellant next claims the trial court erred in permitting the deposition of William Patrick into evidence. The deposi-

tion was taken on behalf of the appellant by his attorney in the prosecution of the tire theft case.

Under IC § 35-1-31-8 [Burns 1975], as interpreted by *Lemont* v. *State*, (1976) 168 Ind. App. 486, 344 N.E.2d 88, when a defendant in a criminal case requests the deposition of a witness he waives his right of confrontation of that witness at trial. Furthermore, TR. 32(A)(3) provides that the deposition of a witness may be used by any party for any purpose if the court finds the witness is dead. The rule is made applicable to criminal trials by CR. 21. Thus, we hold appellant was not denied any right of confrontation. The trial court did not err in admitting the deposition of William Patrick into evidence.

Lastly, appellant claims the evidence is insufficient to support his conviction. In particular, he argues there is no direct evidence placing him in Johnson County on the dates in question. On appeal this Court will look only to the evidence most favorable to the State and all reasonable inferences therefrom. The conviction will be affirmed if there is substantial evidence of probative value to support the verdict of the jury. *Henderson* v. *State*, (1976) 264 Ind. 334, 343 N.E.2d 776. In the case at bar there is ample evidence from which the jury could have found the appellant guilty beyond a reasonable doubt.

Appellant claims there is a total void of evidence as to the breaking or entering to commit a felony which is a necessary element of murder in the perpetration of burglary. However, the jury could have reasonably inferred from the evidence of a struggle inside the house and from the other facts leading up to the night in question that appellant was not an invited guest of the Patricks and that his entry was attained by force. This cause is remanded to the trial court with instructions to vacate the sentence under the arson conviction, one of the life sentences imposed for the homicide of William Patrick and one of the life sentences for the homicide of Elizabeth Patrick.

The judgments and three sentences of life imprisonment for the killing of the three decedents are in all other respects affirmed.

Hunter and Pivarnik, JJ., concur; DeBruler, J., concurs with opinion in which Prentice, J., concurs; Prentice, J., concurs and dissents with opinion.

## CONCURRING AND DISSENTING OPINION

PRENTICE, J.—I concur in the result inasmuch as the majority decision directs that two of the murder sentences be vacated. In my judgment, however, the felony murder (burglary) verdicts should be reversed for insufficient evidence.

It appears that the most likely means of defendant's access was by breaking and entering, but such conclusion can only be reached by speculation. I agree that a reasonable inference could be drawn that the defendant was not an invited guest. But it cannot be reasonably inferred from that inference that access was gained in any other specific way. Every person who is present in the dwelling of another without invitation is, nevertheless, not a burglar. It was incumbent upon the State to prove the breaking and entering, as an element of the felony murder charges, beyond a reasonable doubt. Under the standards of *Baker* v. *State,* (1956) 236 Ind. 55, 138 N.E. 2d 641, the inference that the defendant had not been invited supports only a suspicion that he gained access to the decedent's home by breaking and entering and standing alone cannot support a verdict required to be susceptible to belief by a reasonable man, *beyond a reasonable doubt.*

## CONCURRING OPINION

DeBRULER, J.—I feel required in this case to add to that which has been said by the Chief Justice with regard to the admissibility at trial of the Patrick deposition. The right to confrontation is a trial right which includes the right to cross-examine the State's witnesses and to have the jury judge their demeanor. *Barber* v. *Page,* (1968) 390 U.S. 719, 88

S.Ct. 1318, 20 L.Ed.2d 255. A waiver thereof should be an express, intentional act of the accused after having been informed of the nature of such right. *Johnson* v. *Zerbst,* (1938) 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461. There is no such waiver shown on this record, and I would therefore resolve this issue by deciding whether the admission of the deposition deprived appellant of the right to confrontation. Here, the witness was unavailable to the State at the time of trial. The unavailability of the witness was in no way the fault of the State. Under such circumstances the Patrick statements could properly have been admitted consistent with the right of confrontation if they had been given at a prior trial or preliminary hearing at which a full opportunity to cross-examine existed. *Mattox* v. *United States,* (1895) 156 U.S. 237, 15 S.Ct. 337, 39 L.Ed. 409; *California* v. *Green,* (1970) 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489. Here however there was no trial or hearing, but only a deposition upon oral examination. Nevertheless, absent special circumstances, the deposition of an unavailable witness should be admitted on the same basis as prior trial or hearing testimony. Here the deponent received a subpoena to appear for the deposition in an ongoing court case; he testified under oath to questions by opposing counsel, several of which questions were intended to probe his ability to recall the events about which he was testifying and to probe areas of possible bias and prejudice; his statements were taken down by a court reporter. The absence of a judge from the room would not significantly distract from the compulsion one would feel on such an occasion to tell the truth. The deponent Patrick was not evasive, but was open and direct in his answers. The examination revealed little reason for the witness to exaggerate or falsify, other than factors which would be readily apparent to the jury in any event; namely, he would have been irked at losing his commission because of the theft of the car and was under the influence of his employer to cooperate in the prosecution. The deponent testified in substance that he was a salesman for a

Sears tire center and that appellant came to the store, identified himself as Robert Johnson, ordered a set of tires to be put on, and left. Later he identified appellant as this customer from an array of from six to ten photos. Most of this statement was corroborated by other witnesses and physical evidence. Finally, there is nothing on the record which suggests that there would have been any line of questioning upon cross-examination which could have been employed before the jury, had the witness been present and testifying. Under the circumstances of this case the deposition provided the jury with a satisfactory basis for evaluating the deponent's statements and therefore its use at trial was in accord with the demands of the confrontation clause.

Prentice, J., concurs with separate opinion.

NOTE.—Reported at 375 N.E.2d 215.