SYLVESTER HIGHSAW *v.* STATE OF INDIANA.

[No. 977S660. Filed October 17, 1978. Motion to Reconsider denied January 25, 1978.]

*John F. Ittenbach,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Alembert W. Brayton,* Deputy Attorney General, for appellee.

PIVARNIK, J.—At the conclusion of a jury trial on April 6, 1977, in Marion Criminal Court, appellant Highsaw was convicted of two counts of possession of a controlled substance to-wit: heroin. He was sentenced to a term of fifteen years imprisonment with a concurrent sentence of five years imprisonment.

Two errors are asserted in this appeal: (1) whether the trial court erred in overruling appellant's Motion to Suppress

evidence seized from his person, and; (2) whether or not the trial court erred in not allowing appellant a continuance when certain changes in the charges against appellant were made.

I.

Appellant first challenges the constitutionality of the search of his person which resulted in the seizure of heroin. The facts relevant to this issue are as follows: On March 21, 1977, the Indianapolis Police obtained two search warrants for two Indianapolis residences. One of these two residences was alleged to be under the control of Sylvester Highsaw, appellant herein. The police affidavit alleged that a confidential, credible and reliable informant saw heroin used and sold at appellant's residence. The search warrant issued was to the effect that both appellant's residence and the person of appellant were to be searched. On March 22, 1977, Indianapolis police officers approached one of the residences named in the search warrant and observed appellant Highsaw proceeding down the street in his automobile. The officers recognized appellant from previously having seen a picture of him. The officers then stopped the automobile in which appellant was riding, approached appellant, identified themselves, and then saw appellant lower his hand which was made into a fist. A police officer told appellant to keep his hand where it was and open it up. When appellant opened his hand, the police observed a tinfoil packet which was found to contain heroin.

Whether a search and seizure is unreasonable within the meaning of the Fourth Amendment depends upon the facts and circumstances of each case. *South Dakota* v. *Opperman,* (1976) 428 U.S. 364, 372, 96 S.Ct. 3092, 3098-99, 49 L.Ed.2d 1000, 1007; *Guardiola* v. *State,* (1978) 268 Ind. 404, 375 N.E.2d 1105, 1110. The warrants issued for the search of both the residences and appellant personally in this case demonstrate that the police had

probable cause to suspect appellant of narcotics violations. Thus, when police observed and recognized appellant driving down the street, they were justified in stopping his automobile and searching him, and arresting him after they found heroin during this search. Under all the facts and circumstances noted here, this search was reasonable under the Fourth Amendment of the United States Constitution. Appellant's Motion to Suppress the heroin was thus properly denied and there is no error on this issue.

## II.

Appellant's second contention of error is that the trial court denied him due process and a fair trial when it denied his request for a continuance based on an alleged material change in the charging information. This alleged error is based on the fact that on the day of appellant's trial, the prosecutor moved to make certain amendments to the second count upon which appellant was charged. The date on which the offense was supposed to have been committed was changed along with a change in factual allegation to the effect that instead of possessing over ten grams of heroin, now appellant was being charged with possessing less than ten grams of heroin. Appellant, at this time, made an oral motion for continuance. Appellant did not discuss the necessity, purpose, or proposed duration of this requested continuance, and the court overruled said motion.

Pursuant to Ind. Code § 35-3.1-1-5 (Burns 1975), a prosecutor may at any time amend an indictment or information, as long as the defendant is accorded an adequate opportunity to prepare his defense commensurate to such changes. In the present case, at the time the trial court allowed the amendment, appellant did not allege how his substantial rights were going to be prejudiced by these amendments. Further, no such prejudice is obvious to us from the rather technical changes here alleged. Appellant, for instance, did not have an alibi defense which would have been affected

by the date change, and we fail to see how he was prejudiced by the change concerning the number of grams of heroin which he possessed. Thus, no manifest abuse of discretion in the court's granting of these amendments has been demonstrated. *See Henderson* v. *State*, (1977) Ind. App., 364 N.E.2d 175, 176-77; *Lemont* v. *State*, (1976) 168 Ind. App. 486, 344 N.E.2d 88, 89-90, *trans. denied*, (1977) Ind., 359 N.E.2d 251. There is thus no error here.

The judgment of the trial court is affirmed.

Givan, C.J., Hunter, Prentice, JJ., concur; DeBruler, J. dissents with opinion.

## DISSENTING OPINION

DeBruler, J.—The crux of this case is whether the stop was lawful. The two warrants authorized the police to search Sylvester Highsaw in conjunction with a search of the premises and did not authorize them to stop and search him for drugs wherever he might be found. There was no probable cause to arrest him or to search the car. Morever, there were no facts available to the officers as they stopped the car which would warrant a man of reasonable caution in the belief that such action was appropriate. *Terry* v. *Ohio*, (1968) 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889. The State has not sustained its burden of demonstrating that the intrusion upon the appellant was justified, and therefore the heroin should have been suppressed.

NOTE.—Reported at 381 N.E.2d 470.