**John Anthony PATELLA, Appellant,**

*v.*

**The STATE of Texas, Appellee.**

**No. 35630.**

Court of Criminal Appeals of Texas.

April 3, 1963.

Rehearing Denied May 15, 1963.

John Boyce, F. T. Gauen, Jr., Dallas, Robert C. Benavides, Dallas (on appeal only), for appellant.

Henry Wade, Dist. Atty., Ed Davis, Sam Paternostro and Emmett Colbin, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is possession of amphetamine; the punishment, six months in jail and a fine of $500.00.

Appellant was a paraplegic in that he was paralyzed from the waist down and had been for 12 years. He was known to Officer Morgan. At 8:00 A.M. on the day in question, Morgan observed appellant's automobile, which was equipped with special devices enabling him to operate it by hand, improperly parked at a curb in such a manner that it blocked traffic on one side of the street, and saw appellant slumped over the steering wheel. Morgan brought his police car to a halt and, in company with two other officers who arrived upon the scene, approached appellant's automobile "to try to determine what was wrong." By the time they got there, appellant was lying down in the front seat, and Morgan and his fellow officers shook him to arouse him but were unable to ascertain the cause of appellant's condition because they received only mumbled and incoherent responses. The officers smelled no alcohol on appellant's breath but observed that his eyes were glassy and the pupils in them were large, and in the opinion of the officers appellant was under the influence of drugs. As two of the officers lifted appellant out of his automobile, they saw a "bisquit" shaped tablet lying on the seat where appellant had been lying. After placing appellant in one of the squad cars, a search of appellant's automobile revealed a number of bottles of tablets, some with prescriptions thereon and others without. This prosecution is based upon the finding of an unlabeled bottle under the driver's seat containing 254 white tablets which were shown

by the testimony of Dr. Mason to contain 9.49 milligrams of amphetamine per tablet.

Upon arrival at the jail, appellant "was swinging his arms around and waving at everybody," and $830.00 was found on his person.

Appellant testified that he had secured several prescriptions for the amphetamine tablets from a Dr. Magee, removed the tablets from the pharmacists' containers and put them all into one large unmarked bottle; that at one time he had had as many as 400 tablets in his possession and that he did this in order to be sure he would have a sufficient supply to provide for his needs during the course of a long trip. Dr. Magee was not called as a witness.

■ The jury resolved what conflict there was in the evidence against appellant, and we find it sufficient to support their verdict.

We shall discuss the questions raised in the brief prepared by appellant's counsel on appeal.

■ His principal contention is that the search of appellant's automobile was unlawful and points out that Officer Morgan had received no information prior to approaching appellant's automobile that he was violating any law. The objections to the search made by appellant's trial attorney were scant and tardy, but we will discuss the question as if they had been properly made. We are not here dealing with the arrest of a person the officer suspects was committing a violation of the law, as was the situation in the cases cited by appellant, but have a peculiar situation which, because of its nature, requires a different approach. Here, we have a man who had been partially paralyzed for 12 years, was known to the officer, who must of necessity have known of his physical impediment, slumped over the steering wheel of his automobile improperly parked at the curb. The officer approached appellant's automobile "to try to determine what was wrong," and during his efforts to communicate with appel-

lant he observed several conditions which led him to conclude that appellant was under the influence of some form of "drugs." Upon removing appellant from his automobile, the officer observed a peculiar tablet lying on the seat where appellant had been lying. These facts, we conclude, authorized the search of appellant's automobile.

■ Appellant next contends that the court erred in failing to grant a mistrial when Officer Morgan, while being questioned concerning the different bottles containing different kinds of tablets (some bearing pharmacists' labels and some not), described one of the bottles as follows: "If I remember correctly, it was a white bottle with a yellow or milk colored top; it is a bottle similar to those used in pharmacies for the dispensing of narcotics." Upon objection, Officer Morgan's answer was promptly withdrawn from the jury's consideration.

The rule in McNaulty v. State, 138 Tex. Cr.R. 317, 135 S.W.2d 987, relied upon by appellant, can have no application here because in that case we were discussing cross-examination of reputation witnesses which implied that accused had in fact been guilty of another crime at another time. Such was also the situation in Priest v. State, 162 Tex.Cr.R. 66, 282 S.W.2d 390. In the case at bar, we have one search which, if lawful, rendered the entire fruits of the search admissible. Hemmeline v. State, 165 Tex.Cr.R. 583, 310 S.W.2d 97.

■ Appellant's last complaint is of a portion of the argument as follows:

"Under these facts, I don't believe that you as reasonable people can find anything else except guilty in this case. This man is crippled, and I am going to recommend a punishment to you later in which we think we have taken this into consideration. I don't think a wheelchair should be a complete defense to this drug law. What have you done if you make it like that? That is when you get all the pushers on wheels."

The unusual number of tablets found in appellant's possession would refute his claim that he had them for his own use, but prosecutor did not in this argument imply that appellant was a "pusher" but merely told the jury the effect of a verdict of innocence in this case upon others in the community, and prosecutor properly pointed out to the jury the effect of their verdict upon law enforcement generally.

Finding no reversible error, the judgment of the trial court is affirmed.