## DOMINGO GUARDIOLA *v.* STATE OF INDIANA.

[No. 277S151.  Filed May 17, 1978.]

*Stanley D. Lytal,* of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *Susan J. Davis,* Deputy Attorney General, for appellee.

PIVARNIK, J.—Appellant Guardiola was convicted of two violations of the Indiana Controlled Substances Act at the conclusion of a bench trial in the DeKalb Circuit Court on September 8, 1976.  He alleges six errors in this appeal which

we deal with as follows: (1) five alleged errors, all of which are waived and which we thus treat together; (2) an alleged error in the admission of evidence from an allegedly unreasonable search and seizure of appellant's automobile.

## I.

The proper procedures for presenting an issue for appellate review in Indiana are established in well-known Trial and Appellate Rules. They have also been discussed in numerous cases construing these rules. *See generally* A. BOBBITT, INDIANA APPELLATE PRACTICE AND PROCEDURE (1972). Two areas that require particular attention, and that are highlighted by the present case, are the drafting of motions to correct errors and the drafting of appellate briefs.

Pursuant to Ind. R. Tr. P. 59 (G), asserted errors to be argued on appeal must be separately stated in the motion to correct errors. If this is not done, such errors will be deemed waived on appeal; they cannot be argued for the first time in appellate briefs. *Spivey* v. *State,* (1971) 257 Ind. 257, 274 N.E.2d 227. There is an exception to this rule for sufficiency of evidence claims. *Collins* v. *State,* (1977) 266 Ind. 430, 364 N.E.2d 750. For other issues, however, the requirement is also to the effect that errors be stated *with specificity* in the motion to correct errors. The errors "should not be hidden in a generality to be later specifically raised on appeal," *Finch* v. *State,* (1975) 264 Ind. 48, 50-51, 338 N.E.2d 629, 630, and they must be "accompanied by a statement of the facts and grounds upon which the errors are based," Ind. R. Tr. P. 59 (B). This rule's purpose is to allow the trial court the first opportunity to determine or remedy contended issues. *Finch, supra.*

The drafting of appellate briefs is dealt with in Ind. R. Ap. P. 8.3 (A) (7). Those errors raised in the motion to correct errors, this rule provides, and which the appellant intends to raise on appeal, shall be dealt with in the argument section of the brief devoted thereto as follows:

"The argument shall contain the contentions of the appellant with respect to the issues presented, the reasons in support of the contentions along with citations to the authorities, statutes, and parts of the record relied upon, and a clear showing of how the issues and contentions in support thereof relate to the particular facts of the case under review."

As with non-compliance with the rules relating to the drafting of motions to correct errors, non-compliance with the rules relating to the drafting of briefs can result in the waiver of errors on review. Errors alleged by defendant but not presented and argued in the argument section of defendant's brief are waived. *See, e.g., Jenkins* v. *State,* (1975) 263 Ind. 589, 335 N.E.2d 215; *Loza* v. *State,* (1975) 263 Ind. 124, 325 N.E.2d 173. Further, failure to cite legal authority in support of contentions made on appeal may constitute a waiver of error, *see, e.g., Hendrix* v. *State,* (1974) 262 Ind. 309, 315 N.E.2d 701, *and Williams* v. *State,* (1973) 260 Ind. 543, 297 N.E.2d 805, at least where such authorities in fact exist and the argument is not otherwise clearly presented, *Hubbard* v. *State,* (1974) 272 Ind. 176, 313 N.E.2d 346. The argument itself must be discernable and cogent, and must demonstrate how the alleged error harmed the appellant. *See, e.g., Bradberry* v. *State,* (1977) 266 Ind. 530, 364 N.E.2d 1183; *Ballard* v. *State,* (1974) 262 Ind. 482, 318 N.E.2d 798; *Yeary* v. *State,* (1971) 257 Ind. 159, 273 N.E.2d 96. Whether or not failure to comply with the substance of the appellate rules, in any of these respects, constitutes a waiver of error on review, depends on whether "we find his non-compliance with the rule sufficiently substantial to impede our consideration of the issue raised." *Davis* v. *State,* (1976) 265 Ind. 476, 355 N.E.2d 836 at 838.

Appellant in the present appeal presents a total of six alleged errors in the argument section of his brief. His Motion to Correct Errors at trial, upon which the preservation of any of these errors at this stage depends, stated as follows:

"1. That on September 8, 1976 Defendant was convicted of possession of illegal drugs after having filed a Motion to

Suppress the introduction of those drugs in that said Motion was improperly overruled;

2. That on September 27, 1976 the Defendant received a harsh and excessive sentence;

3. That the judgment was not supported by sufficient evidence in that it was improper to overrule Defendant's Motion to Suppress;

4. That it was improper to allow the introduction of heroin into evidence in that a proper foundation had not been laid;

5. That the decision was contrary to law in that the drugs were improperly introduced into evidence because of the denial of Defendant's Motion to Suppress."

We deal with specification 5 of the Motion to Correct Errors, the denial of the motion to suppress which alleged an illegal search and seizure under the Fourth Amendment, in issue II of this opinion, *infra.* Specifications 1 and 3 are simply redundant of that same claim. Specification 2 is not raised on this appeal. Thus, the preservation of the other five errors argued in this appeal depends on whether they are encompassed within specification 4.

The first of the alleged errors in question here is that, "The trial court erred in overruling defendant's objection regarding testimony of the capsules by Officer Keys." This, as all the other errors we deal with in this series, refers to testimony of police officers about what they observed when they searched appellant's automobile. However, it has nothing to do with "foundation for the introduction of heroin into evidence," and is thus waived as not being preserved in the Motion to Correct Errors pursuant to the rules previously discussed. Heroin was in fact seized in the search conducted in this case, but this testimony of Officer Keys about the capsules did not deal with the heroin. Also, neither Officer Keys' testimony about the capsules, nor the objected-to testimony in any of this series of errors relates to "foundation" for that particular heroin seizure. Furthermore, no authority is cited for the argument here, and the argument is not otherwise discernable and cogent. Appellant's

brief simply asserts that the testimony of the officer "was not significant at this point," and that the officer "attached no significance whatsoever to the capsules." We thus are not told either *why* the testimony was erroneously admitted under an applicable legal principle, or *how* this error harmed appellant. Any error here is thus waived for these additional reasons.

The second of the alleged errors in this series is that, "The trial court erred in overruling defendant's objection to Officer Meyer's testimony that he had never seen anything like the color combination of the pink and green capsules in question." Again, this has nothing to do with foundation for the admission of heroin, and is thus waived for failure to be preserved in the Motion to Correct Errors. Further, no authority is cited for the argument here, which is simply that this police officer lacked expertise in pharmaceutical packaging, and that there was thus no foundation for his testimony that he had never seen anything like the color of the capsules found in appellant's car. Appellant does not say why expertise would be necessary for such testimony, or how he was harmed by such testimony absent such expertise on the part of the officer. These are thus further reasons, under the applicable rules, why this alleged error is waived. On the merits of whatever argument there is here, however, we find no error in this testimony, which only describes the officer's own subjective sense of what he was observing during the search. *See generally* M. SEIDMAN, THE LAW OF EVIDENCE IN INDIANA, pp. 18-20 (1977).

Appellant next argues that, "The trial court erred in overruling defendant's objection as to Officer Meyer's testimony that the pink and green capsules were possibly clandestine in nature." As this does not relate to foundation for the admission of heroin, it is waived for failure to be preserved in the Motion to Correct Errors. Again, no authority is cited, and **any** error here is also waived for that reason. On the merits, the testimony in question was that this officer thought the

capsules in question were clandestine, and we thus find no error for the same reason as that discussed relative to the previous asserted error.

The fourth asserted error is that, "Trial court erred in overruling defendant's objection to Officer Meyer's testimony regarding his experience as to where elicit (sic) drugs are hid in an automobile." Again, we cannot see how this idea can be preserved under the idea of error in lack of "foundation" for heroin admission. While Officer Meyers found heroin in his search of the arm rests of appellant's vehicle, the apparent argument made here has nothing to do with the concept of foundation for the admission of evidence. Error is thus waived for failure to preserve it in the Motion to Correct Errors. Again, no authority is cited, and error is also waived for that reason. On the merits, this officer simply testified that he felt drugs could be in the arm rest because of his police training. Beyond an assertion in appellant's brief that expertise is necessary for such an assertion, there is no cogent or discernable legal principle discussed in support of such an assertion, and there is no discussion of how the testimony harmed appellant. Error is thus also waived for failure to make a cogent and discernable argument, even in the absence of authority. We also find such testimony proper for the same reason relative to the two previous asserted errors.

The final asserted error in this series is that, "Trial Court erred in overruling defendant's motion for a finding for defendant at the end of state's case." For failure to preserve this contention in the Motion to Correct Errors, any error is again waived. For further failure to cite any authority, any error is again waived. Finally, error is again waived for failure to present a discernable and cogent argument in the absence of authority. The paragraph of argument presented here, in appellant's brief, reads as follows:

"At the conclusion of the state's case, the Appellant moved for a Finding in behalf of the Appellant. T.R. 251-252. At this time Appellant moved to renew his Motion to Suppress and also asserted that there was not a proper

> chain of custody and also that the chemist could not be certain that the material submitted into evidence was the same material that he examined at the laboratory. In addition, Appellant would contend that the evidence submitted by the state varies from the affidavit in that the affidavit states the material was recovered on September 23, whhle (sic) all the oral testimony in case that the material was recovered on the twenty-eighth day of September. It is submitted that there is no question that the date (September 23, 1975) in the affidavit does not fall in the 'on or about' category and that five days would be too much of a variance. It is further submitted that it was improper to overrule Appellants Renewed Motion to Suppress."

The above paragraph injects a chain of custody argument, but does not explain in any way what the particular testimony in this case relative to such chain was, or what aspects of the chain of custody rules would be applicable to such facts. It refers to the "material submitted into evidence," which presumably means *all* the drugs introduced into evidence in this case, although we cannot be sure. It then discusses a "variance" between "the affidavit" and "the oral testimony", never stating specifically what is meant by any of these references, and never discussing what precise legal principle is at stake here beyond a vague reference to the " 'on or about' category." In relation to any of these vaguely generalized errors, we are not told how they harmed appellant at trial, although we are left with an inference that evidence was somehow improperly admitted.

In summary, we do not find any error in the admission of this evidence and testimony that has been brought to our attention. While we have examined this evidence at appellant's urging, we also find noncompliance with both Ind. R. Tr. P. 59 (G) and Ind. R. Ap. P. 8.3 (a) (7) in each instance discussed above, and which in any instance would be enough to waive the contended errors as a matter of law. The Motion to Correct Errors here was simply a generality which did not inform the trial judge of any of the contended facts or points of law with any specificity. *Finch* v. *State, supra.* The five errors urged on review, discussed above, cannot be read in

any way as being preserved in such generalities. Further, each of those issues, in the absence of authority and clarity and cogency of argument, amounts to a non-compliance with the appellate rules which is "sufficiently substantial to impede our consideration of the issues raised." *Davis* v. *State, supra.*

We have thus considered these issues and found them to be without merit, to the extent that it was possible to consider them in view of the state of their presentation. Possibly it is their inherent lack of merit which led to the manner in which they have been presented for review. Certainly, however, there are extant legal principles and cases, both from this jurisdiction and others, which could have been presented to support the various ideas which seem to lie behind these arguments: opinion testimony, expert drug identification, foundation for admission of evidence, and chain of custody. It would seem to us that a sincere belief that such arguments were meritorious, coupled with a sincere effort to present such arguments, would have led to a use of these principles and cases. We do not say that the present arguments are evidence of incompetence on appeal, or hold out the present case as an example of that. Indeed, we have seen much worse, and what we explain at length here is simply typical of what lies behind every holding of this court that an issue has been waived for non-compliance with the appellate rules. We treat the particular non-compliance here in an effort to demonstrate the substantive content of such rules and in an effort to demonstrate how that substantive content can be realized.

## II.

Appellant next asserts that his Motion to Suppress drugs seized from his automobile should have been granted, in view of an allegedly illegal search and seizure of such automobile. The question, then, is whether the search was unreasonable under the Fourth Amendment of the United States Constitution. Whether a search and seizure is unreasonable within the meaning of the Fourth Amendment depends upon the facts and circumstances of

each case. *South Dakota* v. *Opperman,* (1976) 428 U.S. 364, 96 S.Ct. 3092, 3098-99, 49 L.Ed.2d 1000, 1007; *Cooper* v. *California,* (1967) 386 U.S. 58, 59-61, 87 S.Ct. 788, 790, 17 L.Ed.2d 730, 732-33. Quoting with approval the concurring and dissenting opinion of Justice Black in *Coolidge* v. *New Hampshire,* (1971) 403 U.S. 443, 509-10, 91 S.Ct. 2022, 2059, 29 L.Ed.2d 564, 608, and adding emphasis, the United States Supreme Court in the recent *Opperman* decision, *supra,* 488 U.S. at 372-73, 96 S.Ct. at 3098, 49 L.Ed.2d at 1007, stated:

> "[T]he Fourth Amendment does not require that every search be made pursuant to a warrant. It prohibits only *'unreasonable* searches and seizures.' The relevant test *is not the reasonableness of the opportunity to procure a warrant,* but the reasonableness of the seizure under all the circumstances. The test of reasonableness cannot be fixed by *per se* rules; each case must be decided on its own facts."

The testimony pertinent to the search and seizure in issue here is as follows. At about 8:40 p.m. on September 28, 1975, Officer Keys of the DeKalb County Sheriff's Department was on a routine patrol. Along the right of way of Interstate 69, one half mile south of State Road 8, the officer found a 1972 Chevrolet at rest against a fence, with appellant lying on the floor in the front seat therein. Appellant, who appeared to be in a comatose or unconscious state, was not arrested at this time, but was rather taken from the car by emergency medical technicians. Officer Larry Myers of the DeKalb County Sheriff's Department then entered appellant's car. He testified that he was looking for a driver's license and car registration in order to complete the accident report form. Officer Myers found the driver's license on the front seat and the registration in the glove compartment. At this time the officer observed green and pink capsules lying on the front floor mat, and found two prescription bottles containing Darvon capsules and Donnatol tablets in the glove compartment. Officer Myers testified that he then continued to search the car in an effort to find a container from which the green and pink capsules

had come. He looked through a small shave kit in the back seat, and noticed irregularities in both of the back seat armrests. A pillowcase was protruding from the right armrest, from which the ashtray was missing. Officer Myers pulled this pillowcase out and found over a thousand green and pink capsules. The ashtray had also been removed from the left armrest. Officer Myers removed the entire left armrest and found a taped packet of narcotics.

Two cases involving search and seizure issues similar to the present one are *Kimbrough* v. *Beto,* (5th Cir. 1969) 412 F.2d 981, and *Patella* v. *State,* (Tex. Ct. Crim. App. 1963) 367 S.W.2d 340. In *Kimbrough,* the police came upon a vehicle involved in an accident and found the occupant unconscious. The vehicle and the occupant's clothes were then searched. Holding that these searches were reasonable the court stated at 412 F.2d at 986:

> "The officers making the search were called to the scene of a wreck involving a pickup, the only occupant of which was unconscious. It was their duty to check the contents of the pickup and his clothing to determine his identity and to safeguard his possessions."

The *Patella* case also involved a disabled automobile. The police found it blocking an intersection, occupied by a driver who had a physical impediment and who was slumped over the steering wheel and semi-conscious. As in the present case, the officers removed the driver and then observed drugs in the front seat. A search was then conducted, revealing the presence of several bottles of tablets. Because of the observed condition of the driver and the observed drugs after the driver's removal, the *Patella* court held that the search of the automobile was reasonable.

Under the particular facts and circumstances of the present case, we hold that the warrantless search of appellant Guardiola's automobile was reasonable. The police here were performing two duties: the investigation of a disabled automobile and the protection of its

unconscious driver. Appellant's driver's license and automobile registration were needed for the investigation. While in the performance of this proper function, green and pink capsules were seen by the investigating officer. This observation, along with the observed unconsciousness of the driver, justified the police in taking all steps necessary, including a complete search of the car for what might have led to such unconscious state, in order to protect the driver's health.

A similar premise, based upon a different factual basis, may be found in *Cady* v. *Dombrowski,* (1973) 413 U.S. 433, 93 S.Ct. 2523, 37 L.Ed.2d 706. In that case, the United States Supreme Court held that it was proper to search the trunk of an automobile, in view of the suspicion of the police that a revolver was somewhere in the vehicle. The Court felt that the police's concern for the safety of the general public was sufficient to justify the search, since the revolver might otherwise fall into the hands of an intruder. *Cady,* 413 U.S. at 447, 93 S.Ct. at 2531, 37 L.Ed.2d at 718. Concern in the present case, for the immediate protection and safety of an unconscious driver, is no less than the generalized concern of the court in *Cady,* especially because of the observed presence of drugs. Appellant's Motion to Suppress the fruits of this search was thus properly denied.

The judgment of the trial court is affirmed.

Givan, C.J., Hunter, Prentice, JJ., concur; DeBruler, J., concurs in result.

NOTE.—Reported at 375 N.E.2d 1105.