Grover SPARKMAN, Jr., Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 1–1181A330.

Court of Appeals of Indiana, First District.

March 17, 1982.

Carlton E. Sanders, Lanesville, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Aimee L. Kolze, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

RATLIFF, Presiding Judge.

## STATEMENT OF THE CASE

Grover Sparkman, Jr., appeals a judgment revoking his suspended sentence and ordering him to serve a six-month sentence. We affirm.

1. Ind.Code 35–43–5–5(a).

## STATEMENT OF FACTS

Sparkman pleaded guilty to check deception[1] having been charged with issuing a $23.50 check to Sportsworld in payment for certain merchandise, knowing the check would not be honored by the bank upon which it was drawn. It was determined that Sparkman had passed other bad checks which, including the one forming the basis of the charge, totalled $501.00. The trial court on February 17, 1981, fined him $50.00 and costs and sentenced Sparkman to the Indiana Department of Correction for six months which sentence was suspended upon the condition, *inter alia*, that he make restitution in the amount of $501.00 in twenty (20) days. Sparkman had agreed to make such restitution within that time frame.

On March 17, 1981, the state filed a petition for revocation of Sparkman's suspended sentence alleging failure to make the required restitution. A notice to appear was issued and served on Sparkman by certified mail on March 18, 1981. Sparkman then left Indiana and went to Nevada where he was employed in a gambling casino for a month and a half. He then returned to Indiana because of the illness of his parents and was arrested on a warrant which had been issued when he failed to appear in response to the notice served on him. A hearing was held on the petition and the court, on September 29, 1981, revoked the suspended sentence and ordered Sparkman to serve the six month sentence. Sparkman's motion to correct errors was overruled and this appeal ensued.

## ISSUES

We have renumbered and restated the issues for our review.

1. Whether the revocation of Sparkman's suspended sentence was contrary to law in that it violated Ind.Code 35–7–2–2(e) (Supp.1981).

2. Whether the evidence was insufficient to support the judgment.

3. Whether the court's decision was based upon improperly admitted evidence.

*Issues One and Two*

Indiana Code 35–7–2–1(a)(5) grants authority to the court to require as a condition of probation that the defendant "make restitution or reparation to the victim of his crime for the damage or injury that was sustained." This statute further provides that "[w]hen a restitution or reparation is a condition of the sentence, the court shall fix the amount thereof, which may not exceed an amount the person can or will be able to pay, and shall fix the manner of performance." The court's order requiring restitution as a condition of suspension of sentence undoubtedly was pursuant to this statute.

■ Sparkman claims the court's order of revocation is violative of IC 35–7–2–2(e) (Supp.1981) and, consequently, contrary to law. We disagree. Indiana Code 35–7–2–2(e) (Supp.1981) provides:

"Probation may not be revoked for failure to comply with conditions of a sentence that imposes financial obligations on the person unless the person *recklessly, knowingly*, or *intentionally* fails to pay." (Emphasis added.)

Sparkman argues that since he had been unemployed since 1978, except for the brief employment in Nevada, the requirement of restitution of $501.00 imposed a financial obligation which he was unable to pay. However, no question concerning ability to pay was raised in his motion to correct errors. The only questions preserved by that motion were sufficiency of the evidence, violation of IC 35–7–2–2(e) (Supp. 1981), and admissibility of evidence at the revocation hearing. Thus, any question of Sparkman's ability to make the required restitution has been waived by failure to include such issue in the motion to correct errors. Except for questions of sufficiency of evidence in criminal cases, failure to state separately errors to be argued on appeal in the motion to correct errors constitutes a waiver of such issues. *Guardiola v. State*, (1978) 268 Ind. 404, 375 N.E.2d 1105. Errors assigned for appellate review must be the same as those presented in the mo-

tion to correct errors. *Akins v. State*, (1981) Ind., 429 N.E.2d 232. In addition, we note that the evidence at the revocation hearing revealed that at the sentencing Sparkman agreed to pay the $501.00 within twenty (20) days and stated that he would get a job and make the required restitution.

■ The question before us, then, is whether Sparkman's suspended sentence could be revoked in the light of IC 35–7–2–2(e) (Supp.1981). In other words, could the court find that he recklessly, knowingly, or intentionally failed to make restitution. The terms "recklessly," "knowingly," and "intentionally" have been defined by statute, Ind.Code 35–41–2–2, as follows:

"(a) A person engages in conduct 'intentionally' if, when he engages in the conduct, it is his conscious objective to do so.

(b) A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so.

(c) A person engages in conduct 'recklessly' if he engages in the conduct in plain, conscious, and unjustifiable disregard of harm that might result and the disregard involves a substantial deviation from acceptable standards of conduct. . . ."

Here, the evidence shows that Sparkman made no attempt to contact the court or the prosecuting attorney concerning his ability to make restitution or to make any arrangements for additional time to pay. He paid nothing on this obligation, and, when the state filed a petition to revoke the suspension, he left the state and did not return for several months. The evidence further showed that although employed briefly in Nevada, he made no effort to fulfill his obligation to make restitution. Taking into consideration our standard of review that we do not weigh the evidence or judge credibility of witnesses, but look only to the evidence and reasonable inferences therefrom favorable to the judgment, and will uphold that judgment if there is any evidence of probative value to support it, *Har-*

*ris v. State*, (1981) Ind., 425 N.E.2d 112; *Morgan v. State*, (1981) Ind., 425 N.E.2d 625; *Perry v. State*, (1980) Ind.App., 401 N.E.2d 705, we find the evidence here sufficient to support a finding that Sparkman knowingly or intentionally failed to meet the financial obligation imposed upon him by the sentence. Thus, the decision of the court was not contrary to the provisions of IC 35–7–2–2(e) (Supp.1981), and, therefore, not contrary to law on the only question properly before us in that regard.

*Issue Three*

 Sparkman contends it was error for the court to admit evidence of his failure to pay the checks prior to February 17, 1981, the date of his sentence, although requested to do so by letters from the prosecuting attorney. Such evidence was admitted over his objection concerning relevancy. We remind Sparkman that an objection as to relevancy preserves no question for appellate review. *O'Conner v. State*, (1980) Ind., 399 N.E.2d 364; *Ringley v. State*, (1979) Ind.App., 395 N.E.2d 339. The harm arising from evidentiary error is lessened if not totally annulled when the trial is by the court sitting without a jury. *Loman v. State*, (1976) 265 Ind. 255, 354 N.E.2d 205; *D. H. v. J. H.*, (1981) Ind.App., 418 N.E.2d 286; *King v. State*, (1973) 155 Ind.App. 361, 292 N.E.2d 843. It is only when the trial judge's judgment has apparently or obviously been infected by erroneously admitted evidence that we will set it aside. *D. H. v. J. H., supra; King v. State, supra.* Since we believe there was sufficient properly admitted evidence to support the trial court's judgment, we will not reverse because of the admission of the challenged evidence assuming *arguendo* it to have been improperly admitted.

Judgment affirmed.

NEAL and ROBERTSON, JJ., concur.

