**Orville ARD, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1184S444.**

Supreme Court of Indiana.

Oct. 3, 1985.

Daniel L. Bella, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted of Burglary, a Class C felony, and was found to be an habitual offender. He was sentenced to thirty-six (36) years imprisonment.

The facts are: Juan Arredondo left his residence in East Chicago, Indiana, at approximately 3:00 p.m. When he left the doors and windows were shut. Upon his return at 11:30 p.m., he found all his doors and windows open and a television set missing from his residence.

Anunciata Quinones testified that she was a neighbor of Arredondo's and that at approximately 11:00 p.m. she was in her kitchen when she saw a man standing outside. She observed the man for a total of approximately two minutes. They stood directly facing each other for about fifteen seconds. The man then ran away carrying the television set. Quinones called a neighbor and then called the police. The neighbors met Quinones outside where they talked and looked to see if the television had been left behind. While they were outside, Quinones and her neighbors saw a car stop at the end of an alley. One of the neighbors, Mr. Flores, began moving toward the car and it left.

When police arrived, Quinones gave them a description of the individual she had seen with the television set. While the witnesses were speaking with the police, the same car they had seen earlier appeared again. Officer Munoz gave chase. When he stopped the vehicle there were three persons in it, one fitting the description given by Quinones to the police officer.

The following day Quinones viewed photographic arrays on two separate occasions, one array with three photographs and one with five. Both times she identified appellant. On one occasion she was informed by the police officer that the police had apprehended one of the individuals pictured.

Appellant now claims the trial court erred in permitting Quinones' in-court identification of appellant because it was tainted by improper photographic identification; however, at the time of trial, no objection was made to the evidence. We also note that appellant's motion to correct error makes no mention of the identification procedures. Failure to complain of alleged error at trial in a timely fashion constitutes a waiver. *See McCraney v. State* (1981), Ind., 425 N.E.2d 151.

Under Ind.R.Tr.P. 59(D), a motion to correct error must contain a statement of the facts and grounds upon which the error is based. Failure to state error with specificity constitutes a waiver. *Guardiola v. State* (1978), 268 Ind. 404, 375 N.E.2d 1105. The failure to raise the issue of the identification of appellant, both at the time

the evidence was offered and in his motion to correct error, constitutes a waiver of the issue. *Ballard v. State* (1982), Ind., 438 N.E.2d 707.

 Appellant now claims the error committed by the court in permitting the identification of appellant by Quinones is fundamental error and should be reviewed by us in any event. Even if we would assume this to be true for the sake of argument, an examination of the entire record discloses that Quinones' identification of the appellant was in fact supported by evidence independent of the photographic array.

Her total observation time of the appellant was approximately two minutes. During this time she looked directly into his face for a brief period. When the police arrived on the scene, she immediately gave a description of appellant which the arresting officer was able to use a few minutes later in appellant's apprehension.

When she testified in this manner before the jury, it was for the jury to weigh that testimony. This Court will not weigh the evidence nor judge the credibility of the witnesses. Such is the exclusive province of the jury. *McManus v. State* (1982), Ind., 433 N.E.2d 775. We find no reversible error concerning the identification evidence.

Appellant's only other argument is that there was insufficient evidence to sustain the jury's verdict. In view of the foregoing, we hold that the evidence is sufficient to support the verdict.

The trial court is affirmed.

DeBRULER, PIVARNIK and SHEPARD, JJ., concur.

PRENTICE, J., concurs in result.