129 F.3d 1267
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Orville ARD, Petitioner-Appellant,
v.
Daniel R. McBRIDE, Respondent-Appellee.
 No. 96-3129, 2:93cv100AS.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 28, 1997.*
Decided Oct. 28, 1997.
 
 Before Hon. Richard A. POSNER, Chief Judge, BAUER and EVANS, Circuit Judge.
 
 ORDER
 
 1
 Orville Ard appeals the denial of his petition for a writ of habeas corpus, 28 U.S.C. § 2254, in which he claimed that his trial lawyer rendered ineffective assistance. We affirm the district court's judgment on grounds other than that relied upon by the district court.
 
 PROCEDURAL HISTORY
 
 2
 In 1984, a jury convicted Ard of burglary and found him to be an habitual offender. At trial, the State's star witness, Anunciata Quinones. identified Ard as the man she saw steal her neighbor's television set. She also testified that she identified Ard in two photographic arrays she viewed shortly after the burglary. Finally, she testified that she identified Ard at a physical line-up approximately one week before trial. At no time did Ard's attorney object to Quinones' identification testimony.
 
 
 3
 Throughout the trial, Ard protested that his counsel was ineffective. On several occasions Ard requested that the trial judge appoint different counsel, and he attempted to file various motions personally. At one point, Ard attempted to change his plea and admitted committing the burglary on the record, although outside of the jury's presence. The trial judge refused to appoint new counsel, ignored Ard's filings, and declined to accept Ard's guilty plea. The jury convicted Ard of burglary and determined that he was an habitual offender. Subsequently, the trial court sentenced him to a total of 36 years' imprisonment.
 
 
 4
 On direct appeal, Ard, represented by a different lawyer, claimed that the trial court erred in permitting Quinones' in-court identification of him because it was tainted by allegedly improper photographic identifications. The state supreme court held that Ard waived any challenge to the identification procedures by not objecting to the evidence either at trial or in his motion to correct errors. Ard v. State, 483 N.E.2d 64, 65 (Ind.1985).
 
 
 5
 Ard then filed a petition for post-conviction relief claiming that his trial counsel rendered ineffective assistance in relation to the photographic and in-court identifications. The post-conviction court held an evidentiary hearing, but concluded that Ard waived his ineffective assistance of trial counsel claim by not raising it on direct appeal. Ard v. State, No. 2CR-189-1083-761, at 4 (Super. Ct. of Lake County. Ind. Jun. 25, 1992) (unpublished Mem. Order). The court also found that "even if it was not waived, trial counsel was not ineffective. His performance was not deficient" Id. On appeal, Ard attempted to add a claim of ineffective assistance of appellate counsel, but the appellate court held that the challenge to appellate counsel's performance was waived because it was not raised in the post-conviction court. Ard v. State, No 45A04-9207-PC-2277, at 4 (Ind Ct. App Dec. 28, 1992) (unpublished Mem. Decision). The appellate court then adopted the decision of the post-conviction court verbatim as to Ard's challenge to trial counsel's performance. Id. The record does not reveal whether Ard sought transfer to the state supreme court.
 
 
 6
 On April 23, 1993, Ard filed a petition for a writ of habeas corpus in federal district court. 28 U.S.C. § 2254. He claimed he was in custody in violation of his right to the effective assistance of trial counsel. In February 1994, the district court denied the State's motion to dismiss for procedural default Counsel was then appointed to represent Ard and the case was referred to a magistrate judge. In September 1995, the magistrate judge conducted an evidentiary hearing, and in June 1996 issued her report and recommendation. At the evidentiary hearing, the State renewed its argument that Ard had procedurally defaulted his claim, however, the magistrate judge stated that she was bound by the district court's decision. The district court adopted the magistrate judge's report and recommendation, and denied Ard's petition on the merits.
 
 ANALYSIS
 
 7
 The doctrine of procedural default bars federal habeas corpus review when the last state court to address a petitioner's claim relied upon an adequate and independent state procedural rule to foreclose the claim. Harris v. Reed, 489 U.S. 255, 262 (1989). Even if the state court reached the merits of the federal claim in an alternate holding, procedural default "curtails reconsideration of the federal issue on federal habeas as long as the state court explicitly invoke[d] a state procedural bar rule as a separate basis for decision." Id. at 264 n. 10, see Burris v. Farley, 51 F.3d 655, 660 (7th Cir.1995); Prihoda v. McCaughtry, 910 F.2d 1379, 1383-84 (7th Cir.1990) ("Harris tells us that in alternative-grounds cases the federal court must respect the [state] procedural basis, so long as the state court says that each ground is sufficient.").
 
 
 8
 Ard has procedurally defaulted his ineffective assistance of trial counsel claim. The state appellate court held in unequivocal terms that Ard waived any challenge to his trial counsel's performance by failing to raise it on direct appeal. That the state court also addressed Ard's claim on the merits in an alternate holding does not eradicate the court's reliance on state procedural rules, nor does that alternate holding permit us to ignore the adequate and independent state ground for the decision.
 
 
 9
 Ard does not argue that the ineffective assistance of his appellate counsel caused, and thereby excused, the procedural default Even if he did, this argument would fail because "a claim of ineffective assistance [must] be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." Murray v. Carrier, 477 U.S. 478, 489 (1986), see Moment-El v. De Tella, 118 F.3d 535, 542 (7th Cir.1997). Although Ard attempted to bring this claim in the state post-conviction appellate court, that court held the claim waived for failure to present it to the post-conviction trial court This too is an adequate and independent state law basis for decision that precludes collateral review.
 
 
 10
 Accordingly, the district court's denial of Ard's habeas petition is AFFIRMED because Ard procedurally defaulted his ineffective assistance of counsel claim.
 
 
 
 *
 After an examination of the briefs and the record, and on Appellant's motion to waive oral argument, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record See Fed R App P 34(a), Cir. R. 34(f)