## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 13 2017, 8:26 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Nancy L. Robinson
West Union, Illinois

ATTORNEYS FOR APPELLEE

Tim E. Staggs
Columbus, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Nancy L. Robinson,

*Appellant-Respondent,*

v.

James Robinson,

*Appellee-Petitioner.*

January 13, 2017

Court of Appeals Case No.
03A05-1602-DR-408

Appeal from the Bartholomew
Superior Court

The Honorable Kathleen Tighe
Coriden

Trial Court Cause No.
03D02-1505-DR-2723

**Barnes, Judge.**

## Case Summary

[1] Nancy Robinson appeals the decree dissolving her marriage to James Robinson. We affirm.

## Issues

Nancy raises two issues for our review, which we consolidate and restate as whether James's alleged mental health diagnosis should have disqualified him from seeking a dissolution.

## Facts[1]

Nancy and James were married in 1989. They have two adult children. In April 2015, they separated, and in May 2015, James filed a petition for dissolution. Nancy alleges that James suffers from depression and that she previously sought an order of civil commitment.

On January 19, 2016, the trial court held an evidentiary hearing in this matter, and on January 26, 2016, the trial court issued its decree dissolving the parties' marriage. Nancy now appeals.

## Analysis

Indiana Appellate Rule 46 sets out the substantive requirements for an appellant's brief. That rule provides: "The argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to the authorities,

---

[1] We note that Nancy did not request a transcript of the evidentiary hearing in this matter. Although her Appellant's Brief contains a "Facts" section, it is difficult to follow and contains only a recitation of anecdotes involving the parties. It does not contain the "facts relevant to the issues presented for review" as required by Indiana Appellate Rule 46(A)(6). We, therefore, rely, in part, on the facts as set out in the trial court's decree, a copy of which is attached to the notice of appeal.

statutes, and the Appendix or parts of the Record on Appeal relied on . . . ." Ind. Appellate Rule 46(A)(8)(a). "A litigant who fails to support his arguments with appropriate citations to legal authority and record evidence waives those arguments for our review." *Pierce v. State*, 29 N.E.3d 1258, 1267 (Ind. 2015).

Whenever possible, however, "'we prefer to resolve cases on the merits' instead of on procedural grounds like waiver." *Id.* (quoting *Roberts v. Cmty. Hospitals of Indiana, Inc.*, 897 N.E.2d 458, 469 (Ind. 2008)). We will address the merits of a party's claim unless we find "'noncompliance with the rule sufficiently substantial to impede our consideration of the issue raised.'" *Pierce*, 29 N.E.3d at 1267 (quoting *Guardiola v. State*, 268 Ind. 404, 406, 375 N.E.2d 1105, 1107 (Ind. 1978)). We note that "a pro se litigant is held to the same standards as a trained attorney and is afforded no inherent leniency simply by virtue of being self-represented." *Zavodnik v. Harper*, 17 N.E.3d 259, 266 (Ind. Ct. App. 2014).

The "Argument" portion of Nancy's Appellant's Brief consists of merely two sentences and includes no citations to authority or the record on appeal. Although we acknowledge our preference for resolving cases on their merits, Nancy's brief falls so short of the requirements set out in Appellate Rule 46 that we are unable to consider the issues she attempts to raise. We conclude Nancy has waived our review of her appeal.

## Conclusion

Nancy wholly fails to present a cogent argument supported by citations to legal authority and record evidence. Her brief's shortcomings impede our review of

her appeal, and we conclude she has waived review of the issues she raises. We affirm.

[9] Affirmed.

Kirsch, J., and Robb, J., concur.